IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROLE BRENNING,

Plaintiff,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION, a Delaware corporation,

Defendant.

Civil No. 05-1799-AA

OPINION AND ORDER

AIKEN, Judge:

Plaintiff brought suit alleging disability discrimination under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12111, *et seq*, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, and the Oregon Family Leave Act (OFLA), Or. Rev. Stat. §659A.150, *et seq.*, and a claim for wrongful termination under state common law. Plaintiff seeks compensatory damages, punitive damages, and attorney fees.

Defendant moves to dismiss plaintiff's claims for failure to effectuate service and failure to prosecute. Defendant's motion is denied.

DISCUSSION

On November 29, 2005, plaintiff filed this action. On December 7, 2005, plaintiff served CT Corporation and filed an affidavit of proof of service with the court. CT Corporation sent a return of summons to plaintiff and the court, indicating that it was not defendant's registered agent.

Shortly thereafter, counsel for defendant informed plaintiff that she was authorized to accept service on behalf of defendant. At this time, plaintiff indicated a desire not to "activate" the case until the parties had discussed settlement, and defense counsel confirmed this understanding.

On January 3, 2006, plaintiff sent defendant's counsel copies of the summons and complaint with an "Acceptance of Service" to be signed by counsel. However, the Acceptance of Service included a caption for the wrong court. A few days later, counsel for defendant informed plaintiff's counsel that the Acceptance of Service was for the wrong court. Plaintiff's counsel acknowledged the error but did not send a corrected Acceptance of Service.

In April 2006, plaintiff filed a motion to extend deadlines. Defendant did not oppose or stipulate to the extension based on its position that service had not been perfected and it was not yet a

party to this action. In July 2006, the parties had their last discussion regarding settlement, and no resolution was reached.

On October 18, 2006, plaintiff served Bank of America Vice President Doug Johnson at a local branch of defendant.

Defendant argues that plaintiff's failure to perfect serve within 120 days of filing the Complaint constitutes failure to prosecute and warrants dismissal of this action.

I agree with defendant that plaintiff's counsel could have and should have corrected the Acceptive of Service shortly after she was advised of the error by defense counsel. I further agree that plaintiff's delay since April 2006 in perfecting service is not supported by good cause or excusable neglect. Based on the exhibits presented by both counsel, it is apparent that plaintiff (rather than defendant) requested that the parties discuss settlement before proceeding with litigation. Regardless, I find dismissal of the case to be a drastic remedy that is not warranted by circumstances presented.

Defendant admits that it had actual notice of plaintiff's claims as of December of 2005, and that counsel was authorized to accept service on behalf of defendant. Further, at that time defendant acknowledged plaintiff's desire to conduct settlement negotiations before "activating" the case. Finally, defendant identifies no actual prejudice resulting from plaintiff's delay in perfecting service.

Accordingly, I exercise my broad discretion under Federal Rule of Civil Procedure 4(m) and retroactively extend the time for service up to and including October 18, 2006. See In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001) ("Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice.").

CONCLUSION

Defendant's Motion to Dismiss (doc. 14) is DENIED.

IT IS SO ORDERED.

Dated this 24 day of January, 2007.

Ann Aiken
United States District Judge